UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

PRESIDENTIAL CANDIDATE NUMBER )
P60005535, *et al.*,[1]                          )
                                                        )
           Plaintiffs,                            )
                                                        )
      v.                                             )           Case No. 1:25-cv-00191-ACL
                                                        )
ERIN BURNETT, *et al.*,                      )
                                                        )
           Defendants.                          )

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Ronald Satish Emrit, also known as Presidential

Candidate Number P60005535, brought this civil action against sixteen national and

international media and political defendants, seeking equitable relief.  [Doc. 1].  About a

month after initiating the case in this Court—and before the Court had taken any action

or made any ruling—Plaintiff filed a notice of appeal with the Eighth Circuit Court of

Appeals.  [Doc. 6].  On January 5, 2026, this Court granted Plaintiff's motion for leave to

proceed *in forma pauperis* [Doc. 2] and warned him that the Court would review his

pleadings under 28 U.S.C. § 1915, if needed, after the Eighth Circuit ruled his appeal.

[Doc. 10].  On March 3, 2026, the Eighth Circuit issued its mandate on its judgment

dismissing the appeal for a lack of jurisdiction.  [Docs. 11-12].  As such, this action is

---

[1] Plaintiff Emrit lists another plaintiff in the caption: "Presidential Committee/Political Action
Committee/Separate Segregated Fund (SSF) Number C00569897 d/b/a United Emrits of America."
[Doc. 1 at 1].  However, artificial entities may only appear in court through licensed counsel. *Rowland v.
California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993).  Further, the
entity is not mentioned elsewhere in the Complaint, and there is no explanation of its connection to the
case. [*See* Doc. 1].

now ripe for review under § 1915.  Based on such review, the Court will dismiss this action for lack of proper venue.  *See* 28 U.S.C. §§ 1391(b), 1406(a).

## Background

Plaintiff Emrit is an extremely prolific litigant with a history of filing frivolous *in forma pauperis* lawsuits.  *See Emrit v. Combs*, No. 24-CV-0129, 2024 WL 199548, at *1 n.1 (E.D. Pa. Jan. 18, 2024) (documenting Emrit's history of filing frivolous cases).  A recent search of his name in the Public Access to Court Electronic Records (PACER) database indicates that he has filed over 725 cases in federal courts across the country. *See* PACER case locator,

https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=ae2dd6e8645f47bdb1160 0ac36a03e65 (last visited Mar. 31, 2026).  Several federal courts have imposed filing restrictions on Emrit based on his pattern of abusive litigation.  *See Emrit v. Jules*, No. 4:23-cv-00908-MTS, 2023 WL 4706005, at *2 (E.D. Mo. July 24, 2023) (discussing restrictions issued by District Courts in the Southern District of Florida, Middle District of Florida, Southern District of Ohio, District of Minnesota, and District of Nevada).

Additionally, Emrit "has an apparent penchant for filing the same case simultaneously in multiple districts."  *Emrit v. Musk*, No. CV-25-08-BLG-SPW-TJC, 2025 WL 1057060, at *1 (D. Mont. Mar. 20, 2025) (citations omitted).  For example, Emrit filed duplicative complaints against the same defendants in at least thirty federal courts across the country.  *Id.*  The Court takes judicial notice of these other cases.[2]

---

[2] A federal district court may take judicial notice of public records and judicial opinions.  *See Zerger & Mauer LLP v. City of Greenwood*, 751 F.3d 928, 935 n.7 (8th Cir. 2014) (explaining that "federal courts may sua sponte take judicial notice of proceedings in other courts if they relate directly to the matters at issue").

Emrit also has a history of filing lawsuits in venues that have no connection to the parties or claims.  Prior to filing this case, at least four (4) cases filed by Emrit in this district were dismissed for improper venue.  *See Emrit v. Musk*, No. 1:25-cv-00008-SNLJ, Doc. 4 (E.D. Mo. Aug. 28, 2025); *Emrit v. The Grammy Awards on CBS*, No. 1:24-cv-00003-SNLJ, Doc. 3 (E.D. Mo. Jan. 16, 2024); *Emrit v. Jules*, No. 4:23-cv-00908- MTS, Doc. 3 (E.D. Mo. July 24, 2023); *Emrit v. United States Dep't of Educ.*, No. 1:20-cv-00035-JAR, Doc. 3 (E.D. Mo. Feb. 20, 2020).

## The Complaint

Most of the allegations and assertions of Plaintiff's Complaint are nonsensical, unrelated,  and/or irrelevant to his legal claims.  Plaintiff describes himself as an "indigent, disabled and unemployed resident of the state of Nevada and Maryland." [Doc. 1 at 5].  He brings this civil complaint against: (1) "Erin Burnett Outfront of Cable News Network (CNN);" (2) "The Hypothetical Erin Burnett for President 2028 Campaign;" (3) Volodymyr Zelensky (President of Ukraine); (4) "Estate of Alexei Navalny;" (5) Maria Cherniavska of Warsaw, Poland; (6) Darya Ignateva of Kyiv, Ukraine; (7) Kateryna Olokoba of Kherson, Ukraine; (8) International Court of Justice of the Hague, Netherlands; (9) Rachel Barreiro Garcia (RBG) of Madrid, Spain; (10) "Estate of Ruth Bader Ginsburg (RBG)" (former U.S. Supreme Court Justice); (11) Sabine Aisha Jules of Fort Lauderdale, Florida; (12) Yanick Rachel Emrit; (13) Edna Carrasco of Panama City, Panama; (14) Ana Gomez of Medellin, Columbia; (15) Alina Alvarez of Madrid, Spain; and (16) Marena Linares of Tenerife in the Canary Islands.  [*Id.* at 1, 5].

Plaintiff's claims include defamation, invasion of privacy through false light, and intentional infliction of emotional distress. [*Id.* at 10-11]. He states that he filed this suit against Erin Burnett, a host of a television news program, "for referring to Riley Curry as being annoying which is a racist comment about a black girl by a white journalist." [*Id.* at 2]. He admits that these comments were made ten (10) years ago so "the statute of limitations probably ran out." [*Id.* at 9]. Despite this, he argues that defendant Burnett "interviews the Ukrainian president … without realizing that Riley Curry … is more important to America" and that Burnett "spends way too much time covering stories about Alexei Navalny and Volodymyr Zelensky[] when CNN should be focused on stories featuring African-Americans." [*Id.* at 9-10]. Plaintiff also admits that he has "a similar case … against Erin Burnett of CNN for defamation" pending in a "Courthouse in Columbia, South Carolina." [*Id.* at 7].

Plaintiff also discusses other unrelated claims and issues in his Complaint. He attempts to explain the "Big Bang" and how he is trying to obtain design patents for "three groundbreaking and novel ideas related to quantum mechanics." [*Id.* at 4]. He describes how he got into an argument with defendant Sabine Jules in a Florida restaurant and states that "he has standing, causation, and redressability to bring this lawsuit as an ardent and avid [President] Trump supporter." [*Id.* at 7-8]. He claims that defendant Maria Cherniavska deactivated his WhatsApp account. [*Id.* at 9]. However, nowhere in the Complaint does Plaintiff assert allegations of wrongdoing by thirteen (13) of the named defendants including Volodymyr Zelensky, Estate of Alexei Navalny, Maria Cherniavska, Darya Ignateva, Kateryna Olokoba, International Court of Justice of the

Hague, Rachel Barreiro Garcia, Estate of Ruth Bader Ginsburg, Yanick Rachel Emrit, Edna Carrasco, Ana Gomez, Alina Alvarez, and Marena Linares.

In the Section of the Complaint labeled "Jurisdiction and Venue," Plaintiff states that "the U.S. District Court for the District of New Jersey … has jurisdiction over this matter" and "[v]enue in this jurisdiction is also proper." [*Id.* at 6]. He later states that "[i]f the issue of venue and/or forum non conveniens is relevant, the plaintiff respectfully requests that this case not be transferred to USA District Court of Maryland" where the judges are "on the wrong side of due process and habeas corpus rights." [*Id.* at 13].

Finally, in terms of relief, Plaintiff seeks a declaratory judgment and preliminary injunction. [*Id.* at 12].

## Discussion

The Court has reviewed the Complaint and finds that there is no basis for venue in the Eastern District of Missouri. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Plaintiff has alleged no basis for venue being proper in this Court. Plaintiff does not assert that any defendant resides in the Eastern District of Missouri, that any event or omission giving rise to his claim occurred here, or that any property at issue is located here.

Furthermore, he makes no attempt to establish that any defendant is subject to personal jurisdiction in this Court. None of the requirements of § 1391 are present in this case. Instead, Plaintiff alleges that the District Court in New Jersey has jurisdiction and is the proper venue. [Doc. 1 at 6]. This is not New Jersey.

When a case is filed in the wrong venue, the district court in which the case is filed "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Transferring this case is not in the interest of justice because multiple district courts have dismissed duplicative complaints as frivolous. *See Emrit v. Burnett*, No. 2:25-cv-02146-TLB (W.D. Ark.) (dismissed Dec. 29, 2025 after adoption of Dec. 5, 2025 report and recommendation finding the complaint frivolous); *Emrit v. Burnett*, No. 4:25-cv-00441-SMR-HCA (S. D. Iowa) (dismissed Nov, 7, 2025 for frivolity), *affirmed*, No. 25-3471 (8th Cir. Jan. 30, 2026).

For the reasons stated, the Court concludes that dismissing this case is the proper remedy under § 1406(a).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for improper venue. *See* 28 U.S.C. §§ 1391, 1406(a).

**IT IS HEREBY CERTIFIED** that an appeal would not be taken in good faith.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 2nd day of April, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE